554 S.E.2d 36

**In the Matter of Dallas Dale BALL, Respondent.**

No. 25367.

Supreme Court of South Carolina.

Submitted Sept. 18, 2001.

Decided Oct. 15, 2001.

Henry B. Richardson, Jr. and Barbara M. Seymour, of Columbia, for the Office of Disciplinary Counsel.

J. Leeds Barroll, IV, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel entered into an agreement pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR. An investigative panel of the Commission on Lawyer Conduct considered the agreement and voted unanimously to recommend acceptance of the agreement and imposition of an indefinite suspension. The agreement was submitted to this Court. Thereafter, respondent requested oral argument because he did not agree with the proposed sanction.

Rule 21(d), RLDE, which addresses discipline by consent, does not provide for oral argument. Instead, Rule 21(d) states that if the investigative panel submits an Agreement for Discipline by Consent to the Court, the Court shall either reject the agreement or issue a decision disciplining the lawyer which shall be based on the agreement. Moreover, paragraph eleven of the agreement at issue specifically states, "the parties hereto waive any and all rights to oral arguments in connection with this matter." We therefore deny respondent's request for oral argument, accept the agreement as

entered into by respondent, and find an indefinite suspension is appropriate under the circumstances.[1]

### Facts

The facts as stated in the agreement are as follows.

### I. *Personal Injury Settlement Matter*

Respondent received $75,000 in proceeds pursuant to the settlement of a personal injury claim on behalf of a client. The settlement order required respondent to pay attorneys' fees and costs, guardian ad litem fees, a health insurance subrogation claim and medical expenses from the settlement proceeds. The remainder was to be paid to the court or a duly appointed conservator for the client.

Respondent paid all attorneys' fees and costs associated with representation of the client. He also successfully negotiated reductions in several of the medical bills and in the health insurance subrogation claim, leaving $9,467.58 of the settlement proceeds remaining. Respondent did not pay the remaining funds to the court or a duly appointed conservator.

Thereafter, the client retained the services of another attorney to investigate and file a legal malpractice action against respondent. Respondent was advised by his defense counsel not to disburse the remaining proceeds from the settlement until certain issues in the legal malpractice action were resolved. Approximately six months after the action was filed, respondent paid the remaining proceeds, plus interest, to the client.

Respondent also failed to pay a bill from the Medical College of Georgia in the amount of $11,256.66 for services rendered to the client. Respondent paid the bill after the client instituted the legal malpractice action.

On several occasions between the time of the settlement and the time respondent paid the Medical College of Georgia, the amount of funds in his trust account fell below the amount of the remaining settlement proceeds and the amount of the unpaid medical bill, which should have been in respondent's

---

**1.** We note that an indefinite suspension is within the range of sanctions set forth in Rule 7(b), RLDE, and to which respondent agreed.

trust account. Respondent is unable to account for the shortages of funds. Moreover, respondent did not maintain a ledger for the client.

## II. *Mismanagement of Trust Account*

From January 1995 through December 1999, respondent did not reconcile his trust account on a monthly basis, nor did he review his bank statements or his accountant's reconciliations of the account. Respondent also failed to supervise his accountant's work.

As a result, respondent is unable to produce complete and accurate accounting records for that period of time. He is also unable to account for all attorney's fees earned, reimbursement of expenses, deposits received on behalf of his clients, and disbursements made on behalf of his clients since 1995. He has failed to maintain ledgers of receipts and disbursements since 1995.

On a number of occasions, respondent made payments to his creditors directly out of his trust account, but represents those payments were made out of funds in the trust account that he estimated were or would have been owed him as attorney's fees. He maintained no records to identify which client funds were the source of the payments.

Respondent represents that all clients have received funds owed to them and that no client funds have been misappropriated, but acknowledges his handling of the trust account resulted in negative balances from time to time which required him to deposit personal funds into the account. He has retained the services of a certified public accountant to bring his accounting practices into compliance with Rule 417, SCACR. He is also having his trust account audited in order to identify funds contained therein and to whom those funds belong. Respondent maintains he will promptly pay any shortfall identified as a result of the audit. Respondent has also agreed to provide Disciplinary Counsel with copies of all correspondence, audits and reports from all accountants assisting with the reconciliation of his trust account.

### Law

Respondent admits that he has violated Rules 7(a)(1) (violating the Rules of Professional Conduct), (5) (engaging in

conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute; engaging in conduct demonstrating an unfitness to practice law), and (7) (wilfully violating a valid court order) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. He has also admits he has violated Rules 1.3 (failing to act with reasonable diligence and promptness in representing a client) and 1.15 (failing to safeguard a client's property) of the Rules of Professional Conduct, Rule 407, SCACR. Finally, he admits that his actions violate Rule 417, SCACR, which sets forth requirements for financial recordkeeping by attorneys.

### Conclusion

Although respondent has paid all funds owed in the personal injury settlement matter and has taken actions to remedy the problems with his trust account, we find the facts set forth in the agreement warrant an indefinite suspension from the practice of law. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.